## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

STEPHEN B. BLACKWELL,

     Plaintiff,                     Civil Action No.:  **2:22-cv-00240**

                                             (Kanawha Co. Civ. Action No. 22-C-307)

v.

GATEWAY FIRST BANK, INC.
d/b/a GATEWAY MORTGAGE

     Defendant.

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441, Gateway First Bank ("Gateway"), by its counsel, Jared M. Tully and Alex J. Zurbuch and of Frost Brown Todd LLC, file this Notice of Removal of the above referenced civil action upon diversity jurisdiction conferred by 28 U.S.C. § 1332.

### I.   TIMELINESS OF REMOVAL

1.     Plaintiff filed this civil action on or about April 19, 2022, in the Circuit Court of Kanawha County, West Virginia, where it was docketed as Civil Action No. 22-C-307.

2.     Service of the Complaint was made on April 26, 2022, through the Office of the Secretary of State of West Virginia on Gateway's registered agent for service. *See* proof of service coversheet attached as part of the Complaint as <u>Exhibit A</u> .

3.     This Notice of Removal is filed timely.  Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that defendant receives formal service of process.

## II.  GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

### A.  The Parties are Diverse.

5.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, which confers original jurisdiction of "all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .."

6.      Plaintiff is a resident of and domiciled in Charleston, West Virginia. Exhibit A ¶ 2.

7.      The only defendant in this action, Gateway, is a corporation, chartered in Oklahoma, with its principal place of business at 244 South Gateway Place, Jenks, Oklahoma, 74037. *See* Office of the Secretary of State of West Virginia Business Organization Detail, attached hereto as Exhibit B; *see also* Exhibit A at ¶ 3.

### B.          The Amount-in-Controversy is Satisfied.

8.      Plaintiff alleges that Defendant's mortgage servicing practices (a) violated various provisions of the West Virginia Consumer Credit and Protection Act (WVCCPA) (Ex. A at ¶¶ 27 – 38) and (b) violated the West Virginia Residential Mortgage Lender Broker, and Servicer Act (*id*. at ¶¶ 39 – 49). Additionally, Plaintiff alleges that Gateway (c) committed the Tort of Outrage (*id*. at ¶¶ 50 – 52), (d) breached its contract with Plaintiff (*id*. at ¶¶ 53 – 60), (e) is subject to promissory estoppel (*id*. at ¶¶ 61 - 380, and (f) was unjustly enriched (*id*. at ¶¶ 69. -75).

9.      Plaintiff specifically alleges that he "suffered" and economic loss "of $47,675.00" as "a result of Gateway's" alleged "misrepresentation" (*Id*. at ¶ 22) and incorporates this figure into the Complaint's prayer for relief. *Id*. at 10. Presumably, Plaintiff attributes this alleged damage to his breach of contract claim.

2

10.     Additionally, Plaintiff alleges violations of various sections of the WVCCPA, a statute which prescribes "a penalty of $1,000 per violation" (W. Va. Code § 46A-5-101) and the assessment of attorney fees. W. Va. Code § 46A-5-104. *Dunlap v. Green Tree Servicing, LLC*, No. CIV.A. 2:05-0311, 2005 WL 3177881, at *5 (S.D.W. Va. Nov. 28, 2005) (providing statutory attorney fees under the WVCCPA are appropriate to consider in the calculation of the amount-in-controversy for diversity jurisdiction);

11.     Here, Plaintiff identifies at least two instances that he claims represent violations of *various* sections of the WVCCPA. Ex. A at ¶¶ 27 – 38; *Strum v. Providian Nat'l Bank*, 242 B.R. 599, 603 (S.D.W.Va.1999) (finding separately alleged violations of the debt collection provisions of the WVCCPA may be aggregated for purposes of determining the amount in controversy). In turn, Plaintiff prays for the assessment of attorney fees. *Id.* at 10.

12.     Next, Plaintiff advances claims under the West Virginia Residential Mortgage Lender, Broker, and Servicer Act, W. Va. Code § 31-17-1, *et seq*. Ex. A at ¶¶ 39 – 49. As alleged, Plaintiff maintains that this Act provides for "damages, reasonable attorneys' fees and costs." *Id.* at ¶ 41. *See* Syl. Pt. 7, *Quicken Loans, Inc. v. Walters for Walters*, 239 W. Va. 494, 801 S.E.2d 509, 511 (2017) (recognizing attorney fee provision in Act as compensatory in nature).

13.     Finally, Plaintiff advances various other claims (*see supra* at ¶ 8) to support his claims for "general" damages, as well as punitive damages, which he claims are appropriate due to the alleged conduct of Gateway. Ex. A at 10. *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D.W. Va. 1994) ("If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes.").

14.     Accordingly, Plaintiff damages claims for special economic damages, general compensatory damages, statutory penalties, and attorney's fees satisfy, by a "preponderance of the evidence" satisfy the that the "value of the matter in controversy exceeds the jurisdictional amount of" $75,000.00. *Dunlap*, 2005 WL 3177881, at *2.

## FILING AND SERVICE OF NOTICE

14.     A copy of the Civil Docket from the Circuit Court of Kanawha County is filed herewith as <u>Exhibit</u> C.

15.     A copy of this Notice of Removal will be filed with the Circuit Court of Kanawha County, West Virginia.

16.     A copy of this Notice of Removal is also being served on counsel of record for the Plaintiff, as reflected in the attached Certificate of Service.

Respectfully submitted,

*/s/ Alex J. Zurbuch*
Jared M. Tully (WV Bar No. 9444)
Alex J. Zurbuch (WV Bar No. 12838)
Frost Brown Todd, LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
jtully@fbtlaw.com
azurbuch@fbtlaw.com
*Counsel for Gateway First Bank*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

STEPHEN B. BLACKWELL,

     Plaintiff,                 Civil Action No.:  **2:22-cv-00240**
                                        (Kanawha Co. Civ. Action No. 22-C-307)

v.

GATEWAY FIRST BANK, INC.
d/b/a GATEWAY MORTGAGE

         Defendant.

## CERTIFICATE OF SERVICE

I, Alex J. Zurbuch, do hereby certify that on this 26th day of May, 2022, a copy of the foregoing ***Notice of Removal*** was forwarded to the following via the Court's electronic filing system and U.S. Mail:

     Troy N. Giatras
     Matthew Stonestreet
     The Giatras Law Firm, PLLC
     118 Capitol Street, Suite 400
     Charleston, West Virginia 25301
     *Counsel for Plaintiff*

                                                  */s/ Alex J. Zurbuch*
                                                Alex J. Zurbuch